Adam Rose
Law Office Of Robert Starr
23901 Calabasas Rd., #2072
Calabasas, CA 91302
818-225-9040
Fax: 818-225-9042
Email: adam@starrlaw.com

Harold L. Lichten, *admitted pro hac vice*
Matthew Thomson, *admitted pro hac vice*
Zachary Rubin, *admitted pro hac vice*
Lichten & Liss-Riordan, PC
729 Boylston Street
Suite 2000
Boston, MA 02116
617-994-5800
Email: hlichten@llrlaw.com;
mthomson@llrlaw.com;
zrubin@llrlaw.com

*Attorney for Plaintiff Ernest Sarte, individually and on behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST SARTE, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br>v.<br><br>HENRY INDUSTRIES, INC.,<br><br>              Defendant | Case No.  2:22-cv-01678-TLN-DB<br><br>**FIRST AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**<br><br>**LEAVE TO FILE GRANTED ON JANUARY 4, 2023** |

FIRST AMENDED COMPLAINT - 1

I. **INTRODUCTION**

1. Plaintiff brings this suit as a class and collective action on behalf of other similarly situated aggrieved employees of Henry Industries, Inc. ("Henry Industries" or "Defendant") during the relevant statutory period. Defendant has misclassified Plaintiff and other similarly situated delivery drivers as independent contractors and, in so doing, have violated various provisions of California and federal law, including: (1) Cal. Lab. Code §§ 1197 and 1194 for failing to the pay minimum wage and overtime compensation; (2) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for failing to the pay minimum wage and overtime compensation; (3) Cal. Lab. Code § 226(a) for failing to provide itemized wage statements; (4) Violation of Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*; (5) Cal. Labor Code §2802 by requiring delivery drivers to pay various expenses that should have been borne by the employer; and (6) claims under the under the California Private Attorney General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698 *et seq.*[1]

II. **PARTIES**

2. Plaintiff Ernest Sarte is an adult resident of Copperopolis, California. He worked as a delivery driver for Henry Industries from approximately 2016 to March 2021.

3. Plaintiff brings this case as a class action on behalf of all delivery drivers who have worked for Defendant since four years prior to the filing of this action and as an FLSA collective action on behalf of all drivers who have worked for Defendant during the applicable statutory period who may choose to opt in to this action.

4. Defendant Henry Industries, Inc. is a corporation, with its principal place of business in Wichita, Kansas.

III. **JURISDICTION AND VENUE**

5. This is a civil action brought under the California Labor Code and California Business & Professions Code, and this Court has jurisdiction over Plaintiff's PAGA claim pursuant to California Code of Civil Procedure § 410.10.

---

[1] Plaintiff previously filed notice with the LWDA regarding his intent to pursue claims under the California Private Attorney General Act of 2004 ("PAGA") on April 11, 2022.

FIRST AMENDED COMPLAINT - 2

6. The monetary relief which Plaintiff seeks is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

7. Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because Plaintiff is a resident of California and he performed his work for Defendant in Lodi, California. Likewise, Defendant engages in business activities in an throughout the State of California, including in San Joaquin County.

IV. **STATEMENT OF FACTS**

8. Defendant operates a same-day delivery service. During the proposed class period, Defendant employed hundreds of delivery drivers in California.

9. Defendant classifies Plaintiff and all drivers who perform deliveries for the company as independent contractors, when in reality, they are employees of Defendant.

10. Defendant has relied on the independent contractor label to avoid paying overtime to and reimbursing work-related expenses for Plaintiff and similarly situated delivery drivers.

11. Defendant routinely requires delivery drivers, including Plaintiff, to work far more than 8 hours per day and 40 hours per week to meet delivery demands. Plaintiff worked, on average, 70 to 84 hours per week.

12. Defendant never paid Plaintiff or similarly situated delivery drivers overtime for working over 40 hours in a given week.

13. Plaintiff and similarly situated delivery drivers were required to pay out of pocket for work-related expenses such as gasoline, oil changes, and general vehicle maintenance, which are essential to Defendant's business. Plaintiff spent approximately $30 to $40 per day on gasoline.

14. Defendant never reimbursed Plaintiff or similarly situated deliver drivers for these work-related expenses.

15. Defendant frequently made improper deductions from Plaintiff's pay, retaining approximately 2% of his gross pay on multiple occasions. Defendant never discussed these deductions with Plaintiff prior to these occasions.

16. Defendant has exercised extensive control over the manner in which drivers, including Plaintiff, perform deliveries. Defendant controls the work performed by Plaintiff and other delivery drivers by assigning deliveries, scheduling deliveries, monitoring their work and maintaining detailed records of each delivered performed, determining the delivery drivers' rate of pay, and retaining the authority to terminate any delivery drives whose work is unsatisfactory.

17. Defendant also assign Plaintiff and other drivers deliveries and require that drivers comply with specific directions regarding delivery times, the sequence of stops, and customer service obligations.

18. Defendants are in the business of providing same-day deliveries to clients it contracts with, such as, but not limited to, pharmaceutical companies.

19. Delivery drivers, including Plaintiff, perform services in the usual course of this same-day delivery business. Without the delivery drivers, Defendant would have no business.

20. Plaintiff and other similarly situated delivery drivers who have worked for Defendant are not engaged in an independently established trade or business.

21. During the proposed class period, Plaintiff's work for Defendant consisted exclusively of making deliveries for Defendant's client in California.

22. Plaintiff and other similarly situated drivers generally do not market their services, but rather rely on Defendant for all customers, packages, and deliveries.

23. For the foregoing reasons, Defendant's designation of Plaintiff and similarly situated drivers as independent contractors does not demonstrate that delivery drivers are customarily engaged in an independently established trade. Rather, Defendant's independent contractor designation merely serves to evade employer obligations under the California Labor Code and the applicable Wage Order.

V. **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiffs bring this action as a class action pursuant to California Code of Civil Procedure § 382, on behalf of all other drivers who have worked for Defendant and who have been designated as "independent contractors" since four years prior to the filing of this complaint.

25. Plaintiffs and other class members have uniformly been misclassified as independent contractors.

26. The members of the class or classes are so numerous that joinder of all class members is impracticable.

27. Common questions of law and fact exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

   a. Whether class members have been required to follow uniform procedures and policies regarding their work for Defendant;

   b. Whether the work performed by class members— making deliveries for Defendant's clients—is within Defendant's usual course of business, and whether such service is fully integrated into their businesses;

   c. Whether these class members have been required to bear the expenses of their employment, such as expenses for gasoline, oil changes, and other vehicle maintenance expenses.

   d. Whether class members were entitled to receive an hourly rate of the applicable California minimum wage for all hours worked for Defendant.

28. The named Plaintiff is a member of the class described above, who suffered damages as a result of Defendant's conduct and actions alleged herein.

29. The named Plaintiff's claims are typical of the claims of the class described above, and the named Plaintiff has the same interests as the other members of the class.

30. The named Plaintiff will fairly and adequately represent and protect the interests of the class members. The named Plaintiff has retained able counsel experienced in class action litigation.  The interests of the named Plaintiff is coincident with, and not antagonistic to, the interests of the other class members.

31. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

33. Plaintiffs also bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of any delivery drivers who have worked for Defendant since three years prior to the filing of this case, who may choose to "opt in" to this case.

34. Plaintiffs are similarly situated to all other delivery drivers who worked for Defendant, and there is a group of similarly situated employees who were subject to Defendant's common policies and who are entitled to notice of this action under 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION

### California Minimum Wage

**Violation of Cal. Lab. Code §§ 1197 and 1194 and Wage Order No. 9**

35. Defendants' conduct, as set forth above, in failing to pay its drivers minimum wage for all hours worked as required by California law violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Defendants.

## SECOND CAUSE OF ACTION

### California Overtime

**Violation of Cal. Lab. Code §§ 1194, 1198, 510 and 554 and Wage Order No. 9**

36. Defendants' conduct, as set forth above, in failing to pay its drivers the appropriate overtime premium for all overtime hours worked beyond forty (40) hours per week or eight (8) hours per day violates Cal. Lab. Code §§ 1194, 1198, 510, and 554. This claim is brought on behalf of a class of similarly situated individuals who worked for Defendants.

## THIRD CAUSE OF ACTION

### Failure to pay Minimum Wages

### Violation of 29 U.S.C. § 201 *et seq*.

37. Plaintiffs and other delivery drivers who worked for Defendant were employees of Defendant for purposes of the Fair Labor Standards Act. However, Defendant has failed to pay the drivers an hourly rate of at least the federal minimum wage of $7.25 per hour. Defendant has thus violated the FLSA, 29 U.S.C. § **§ 201 *et seq*.** This claim is brought on behalf of a class of similarly situated individuals who worked for Defendants.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime

### Violation of 29 U.S.C. §§ 206(a)(1)(C) and § 207(a)

38. Defendant failed to pay overtime premiums for hours worked in excess of forty (40) per week. Defendant has thus violated the FLSA, 29 U.S.C. § 206(a)(1)(C) and § 207(a). This claim is brought on behalf of a class of similarly situated individuals who worked for Defendants.

39. The failure of Defendant to compensate Plaintiff and the members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

## FIFTH CAUSE OF ACTION

### Itemized Wage Statements

### Violation of Cal. Lab. Code § 226(a)

40. Defendant's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a). This claim is brought on behalf of a class of all delivery drivers who have worked for Defendant during the relevant time period.

## SIXTH CAUSE OF ACTION

### Unlawful Business Acts of Practices

### Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

41. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendant' conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code §§ 210, 226, 1194, 1197, and 2802. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to unpaid overtime wages, unpaid minimum wages, work-related expenses that delivery drivers were required to pay, and improper pay deductions. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Defendant in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## SEVENTH CAUSE OF ACTION

### Misclassification as Independent Contractor

### Violation of Cal. Lab. Code § 2802

42. Defendant's conduct, as set forth above, in misclassifying their delivery drivers as independent contractors and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Defendant during the relevant statutory period.

## EIGHTH CAUSE OF ACTION

### Penalties Pursuant to Private Attorney General Act of 2004, Cal. Lab. Code §§ 2698 *et seq.*

43. Plaintiff and similarly situated delivery drivers are aggrieved employee as defined by Cal. Lab. Code §2699(c), as they were employed by Defendant during the applicable statutory period and suffered injury as a result of the Defendant's Labor Code violations. Accordingly,

Plaintiff seeks to recover on behalf of the State of California, as well as on behalf of himself and all other current and former aggrieved employees of the Defendant who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

44. Delivery drivers of the Defendant are entitled to penalties pursuant to PAGA for the following: (1) violations of Cal. Lab. Code §§ 1197 and 1194 for failure to pay minimum wage; (2) violations of Cal. Lab. Code §§ 1194, 1198, 510, and 558, for failure to pay overtime wages; (3) violations of Cal. Lab. Code § 226(a) for failure to provide itemized wage statements; (4) violations of Cal. Lab. Code § 2802 by requiring drivers to pay various expenses that should have been borne by the employer; (5) violations of Cal. Lab. Code § 226.8(a)(1) for willfully misclassifying delivery drivers as independent contractors; (6) violations of Cal. Lab. Code §§ 226.7 and 512 for failing to afford its delivery drivers meal and rest breaks; and (7) violations of Cal. Lab. Code§ 1174 for failure to maintain proper payroll records.

45. Plaintiff has complied with the notice requirement of Cal. Lab. Code § 2699.3 and mailed a written notice to the California Labor & Workforce Development Agency ("LWDA"), and Defendants via Certified Mail, return receipt requested, on April 11, 2022, and they also submitted a notice to the LWDA via its online filing portal and certified mail on April 11, 2022.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and the members of the putative class, pray for relief as follows:

a. Certification of this action as a class action pursuant to California Code of Civil Procedure § 382;

b. Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);

c. Designation of Plaintiff as representatives of the putative class and collective action;

d. Designation of Plaintiff's Counsel as Class Counsel for the putative class and collective action;

    e.    Damages for failure to pay minimum and overtime wages pursuant to federal and California law;

    f.    Restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

    g.    Liquidated damages pursuant to federal law;

    h.    Statutory penalties pursuant to PAGA for Defendant's violations of the California Labor Code;

    i.    Pre-judgment and post-judgment interest; and

    j.    Attorneys' fees and costs.

Respectfully submitted,

ERNEST SARTE, individually and on behalf of all others similarly situated,

By his attorney,

/s/ *Matthew W. Thomson*
Harold L. Lichten, *admitted pro hac vice*
Matthew Thomson, *admitted pro hac vice*
Zachary Rubin, *admitted pro hac vice*
Lichten & Liss-Riordan, PC
729 Boylston Street
Suite 2000
Boston, MA 02116
617-994-5800
Email: hlichten@llrlaw.com;
mthomson@llrlaw.com;
zrubin@llrlaw.com

Adam Rose
Law Office Of Robert Starr
23901 Calabasas Rd., #2072
Calabasas, CA 91302
818-225-9040
Fax: 818-225-9042
Email: adam@starrlaw.com

*Attorney for Plaintiff Ernest Sarte, individually and on behalf of all others similarly situated*

Dated:        January 5, 2023