UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MCEVOY AND LENG SAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY INDUSTRIES, INC.,<br><br>Defendant. | No. 2:22-cv-01678-DJC-SCR<br><br>ORDER |

Plaintiffs Christine McEvoy and Leng Sam move for preliminary approval of their class, FLSA collective, and PAGA settlement. In particular, Plaintiffs seek: (1) preliminary approval of the settlement agreement between Defendant and Plaintiffs; (2) certification of the proposed settlement class for settlement purposes only; (3) approval of the form and content of the proposed class notice; (4) appointment of Harold Lichten and Matthew W. Thomson of Lichten & Liss-Riordan, P.C., Adam Rose of Law Office of Robert Starr, and Jeff Vollmer of Goodwin & Goodwin, LLP as class counsel; (5) appointment of the Phoenix Group as the settlement administrator; and (6) scheduling final approval of the settlement. The

Plaintiffs also seek to designate Christine McEvoy and Leng Sam as named representatives of the class.

Having considered Plaintiffs' Motion, the Court has concerns regarding the adequacy of the class settlement, the certification of the FLSA collective, the existence of a bona fide dispute, and the appointment of the class counsel. Before the Court can properly consider preliminary approval of the settlement, the Plaintiffs should address these issues. Thus, for the reasons set forth below, Plaintiffs' Motion is DENIED without prejudice.

## BACKGROUND

### I.   Factual and Procedural Background

Plaintiffs seek approval of their $300,000 Federal Rule of Civil Procedure Rule 23 ("Rule 23") Class, Fair Labor Standards Act ("FLSA") Collective, and Private Attorney General Act ("PAGA") settlement on behalf of themselves and approximately 80 drivers who were employed by Defendant Henry Industries, Inc. to provide courier or delivery services in California between August 19, 2018, and June 17, 2022. (Mot. (ECF No. 57) at 1; Second Am. Compl. ("SAC") (ECF No. 49) ¶¶ 1,4.) Plaintiffs allege that Defendant committed various violations of California and Federal law, including (1) minimum wage violations under Cal. Lab. Code §§ 1197, 1194 and Wage Order No. 9, (2) overtime violations under Cal. Lab. Code §§ 1194, 1198, 510 and 554 and Wage Order No. 9, (3) failure to pay minimum wages under 29 U.S.C. § 201 *et seq.*, (4) failure to pay overtime under 29 U.S.C. §§ 206(a)(1)(C) and § 207(a), (5) wage statement violations under Cal. Lab. Code § 226(a), (6) unlawful business acts of practices under Cal. Bus. & Prof. Code § 17200 *et seq.*, (7) misclassification as an independent contractor under Cal. Lab. Code § 2802, and (8) PAGA penalties. (SAC ¶ 1.) Plaintiffs' claims are based on Defendant's classification of the drivers as non-employee independent contractors when they were, in fact, employees entitled to the protections of California and Federal law. (Mot. at 2.)

////

The Parties exchanged initial disclosures and participated in a mediation with ADR Neutral Monique Ngo-Bonnici. (*Id.*) The mediation was initially unsuccessful, but the Parties continued negotiations afterward and eventually agreed to settle their claims. (*Id.*) The Parties agreed to dismiss the FLSA claims asserted on behalf of a national collective without prejudice, and to resolve the California state law claims on behalf of the proposed class of California drivers. (Mot. at 2.) Plaintiffs now move for preliminary approval of their Settlement.[1]

## II.     Proposed Settlement Terms

The proposed class comprises all persons who executed an agreement with Defendant and provided courier or delivery services on behalf of Defendant in California between August 18, 2019, through June 17, 2022 ("Class"). (Settlement (ECF No. 58-1) § I.C.) The Parties also propose a PAGA subclass consisting of all persons who provided courier or delivery services on behalf of Defendant in California from April 11, 2021, through June 17, 2022 ("PAGA Class"). (*Id.* § I.AA.) The Settlement does not explicitly define the FLSA collective.

The Parties have agreed to settle their claims for $300,000 total, with no part of the Settlement reverting to Defendants. (Mot. at 2.) The Settlement proposes several deductions from the total before it is distributed to the Class: (1) $10,000 to PAGA claims, (2) $85,675 in attorneys' fees, (3) $5,000 to the settlement administrator, and (4) $5,000 in service payments to the class representatives ($2,500 for each class representative). (*Id.* at 2–3.)

Overall, the Settlement provides a net recovery of approximately $194,325 for the Class. (Mot. at 2.) The net amount will be split into a designated Rule 23 settlement fund related to the release of state law claims, and an FLSA release fund for release of the FLSA claims. (*Id.* at 3.) Ninety percent of the fund constitutes the Rule

---

[1] The Court notes that the Plaintiffs submitted a Motion for Conditional Class Certification (ECF No. 22), which the Court now DENIES without prejudice for mootness given that the parties now seek to settle the matter.

3

23 fund and ten percent constitutes the FLSA fund. (*Id.*) The Rule 23 class payment will be calculated based on the Class Member's pay periods worked during the class period relative to the total number of pay periods worked by the Rule 23 Class. (Settlement § III.D.1.) The FLSA consideration check will be based on the individual's pay periods worked during the applicable statutory period relative to the total number of pay periods of all individuals who submit an opt-in claim form. (*Id.* § III.D.2.)

Membership in the Rule 23 Class is automatic, although members will be given an opportunity to opt-out (or object) before the final hearing. Membership in the PAGA Class is automatic under California Law. *Alcazar v. OEI Holdings, LLC,* No. 2:19-cv-01209-KJM-AC, 2023 WL 2876833, at *2 (E.D. Cal. Apr. 10, 2023). Membership in the FLSA collective is not automatic, but Class Members can opt-in by submitting an "FLSA Opt-In Form." Additionally, as a material term of the Settlement, the Plaintiffs filed a Second Amended Complaint adding the now-named Plaintiffs and clarifying that the FLSA claims here are asserted on behalf of those individuals who are defined as Class Members.

The Parties agree to certification of the Class for purposes of this Settlement only; if the Settlement does not become effective, then the Defendant reserves the right to contest certification of any class and all available defenses to the claims in the action. (*Id.* § II.H.)

Plaintiffs moved the Court to preliminarily approve the Settlement on September 3, 2024. The Motion is unopposed. The Court submitted the matter without a hearing.

**LEGAL STANDARDS**

**I.      Conditional Certification of Class and Collective and Settlement Approval**

To grant a preliminary approval of a settlement involving class and collective claims, courts must both conditionally certify the Rule 23 class and FLSA collective and find that the settlement terms fall within the range of possible approval. Under Rule

23, a court must determine if it "will likely be able to" both "certify the class for purposes of the judgment on proposal" under Rule 23(a) and Rule 23(b), and "approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B). Under the FLSA, a court must ask if the members of the collective action are "similarly situated" to the original plaintiffs, see *Campbell v. City of Los Angeles,* 903 F.3d 1090, 1109 (9th Cir. 2018), and whether the settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, *Kerzich v. County of Tuolumne,* 335 F. Supp. 3d 1179, 1184 (E.D. Cal. 2018).

PAGA claims are distinct from class claims. "Plaintiffs may bring a PAGA claim only as to the state's designated proxy, suing on behalf of all affected employees." *Kim v. Reins Int'l Cal., Inc.,* 9 Cal. 5th 73, 87 (2020) (emphasis removed). Since a PAGA claim is not "a collection of individual claims for relief" like a class action, *Canela v. Costco Wholesale Corp.,* 971 F.3d 845, 856 (9th Cir. 2020), PAGA claims "need not satisfy Rule 23 class certification requirements," *Hamilton v. Wal-Mart Stores, Inc.,* 39 F.4th 575, 583 (9th Cir. 2022). However, like class action settlements, PAGA settlements must be approved by the court. *See* Cal. Lab. Code § 2699(s)(2). Courts in this circuit apply "a Rule 23-like standard," asking whether the settlement of the PAGA claim is "fundamentally fair, reasonable, and adequate." *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971–72 (N.D. Cal. 2019).

**II.    Notice Requirements**

If conditional certification of the class and collective is warranted and the settlement terms are adequate, courts must also consider if the proposed class and collective notice meet the requirements of both Rule 23 and the FLSA. For classes likely to be certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances," imposing specific requirements on the contents of the notice. Fed. R. Civ. P. 23(c)(2)(B). The FLSA provides that the court must "provide potential plaintiffs 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed

decisions about whether or not to participate.'" *Adams v. Inter-Con. Sec. Sys.,* 242 F.R.D. 530, 539 (N.D. Cal. 2007) (quoting *Hoffmann-La Roche, Inc., v. Sperling,* 493 U.S. 165, 170 (1989)). In hybrid Rule 23 and FLSA actions, the notice forms must indicate (1) the hybrid nature of the action; (2) the claims involved in the action; (3) the options that are available to class members in connection with the settlement, including how to participate or not participate in the Rule 23 class action and the FLSA collective action aspects of the settlement; and (4) the consequences of opting-in to the FLSA collective action, opting-out of the Rule 23 class action, or doing nothing. *Thompson v. Costco Wholesale Corp.,* No. 3:14-cv-02778-CAB-WVG, 2017 WL 697895, at *8 (S.D. Cal. Feb. 22, 2017).

Finally, where parties seek settlement of PAGA claims and class claims in one action, courts "have required the class notice to clearly articulate that even those who do not opt out of a settlement will release PAGA claims and will receive a portion of the PAGA payment." *Schmidt v. Vision Service Plan,* No. 2:20-cv-2400-KJN, 2023 WL 5613103, at *3 (E.D. Cal. Aug. 30, 2023) (citation omitted); *see also Sakkab v. Luxottica Retail N. Am., Inc.,* 803 F.3d 425, 436 (9th Cir. 2015) ("Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action."); *Uribe v. Crown Bldg. Maint. Co.,* 70 Cal. App. 5th 986, 1001 (2021), *as modified on denial of reh'g* (Oct. 26, 2021) (explaining that a defining feature of the class action procedure is that a class member may opt out of the class if he or she does not wish to be bound by the result of the suit which PAGA actions do not allow).

## DISCUSSION

### I. Certification of the FLSA Collective

Plaintiffs seeking conditional certification of a collective action under the FLSA have the burden of showing that they are "similarly situated" to other class members. *Nen Thio v. Genji, LLC,* 14 F. Supp. 3d 1324, 1340 (N.D. Cal. 2014). Plaintiffs can show they are similarly situated by making "substantial allegations, supported by

declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Brewer v. Gen. Nutrition Corp.,* No. 4:11-cv-03587-YGR, 2013 WL 100195 at *3 (N.D. Cal. Jan. 7, 2023). "This determination is made based on a fairly lenient standard, and typically results in a conditional certification." *Id.*

The Motion for Preliminary Approval explains that Class Members who submit an opt-in form will be deemed to release claims under the FLSA without prejudice.[2] (Mot. at 2-3.) Additionally, the Settlement fund is split to afford $19,432.50 to the FLSA fund. However, there is no independent analysis discussing the certification of the FLSA Collective in the Motion. *See Haralson,* 383 F. Supp. 3d at 968–69 (explaining that court have rejected settlements that attempted to skip collective action certification); *Sharobiem v. CVS Pharmacy, Inc.,* No. 2:13-cv-09426-GHK-FFM, 2015 WL 10791914, at *2 (C.D. Cal. Sept. 2, 2015) ("The Motion is problematic because nowhere does Plaintiff explicitly request certification of an FLSA collective action."). Thus, the Parties here are directed to "move for preliminary certification of both a class and a collective action properly supported by the relevant declarations and an analysis of the factors we must consider in certifying both." *Sharobiem*, 2015 WL 10791914, at *2. The Court notes that the Settlement includes, as a material term, the filing of the Second Amended Complaint, which clarifies that the FLSA claims are asserted on behalf of those who are defined as Class Members within the Settlement Agreement. (Settlement § III.A.) However, the Motion does not discuss certification of the FLSA Collective, nor does the Settlement explicitly define the FLSA Collective. Given the lenient FLSA standard, and the apparent similarity between the individuals

---

[2] The Court also notes that the settlement release provisions that go "beyond the scope of the present litigation" are disfavored. *Haralson,* 383 F. Supp. 3d at 967–68 (citation omitted). Further, courts have "routinely rejected proposed class action settlement agreements that try to release all claims in a wage-and-hour case relating to compensation as overbroad and improper." *Id.* (citation omitted). To the extent that the Settlement purports to "release Defendants "from any and all FLSA claims," (Settlement § III.G.2,) the Parties are directed to address this concern in any subsequent briefing.

7

here, the Court would be prepared to certify the Collective once the Parties address the issue of certification directly.

## II. Proposed Settlement

### A. Adequacy of the Settlement Amount

Under Rule 23(e), a class action may be settled only with the court's approval, and the court may provide such approval "only on finding that it is fair, reasonable, and adequate" after considering whether, among other things, "the relief provided for the class is adequate." Fed. R. Civ. P. 23(e)(2).

The Court does not have sufficient information at this juncture to determine if the relief provided to the Class is adequate. Particularly, the proposed Settlement fails to justify the valuation of all of Plaintiffs' claims. Based on data regarding the amount of work performed by the putative Class and relevant pay records, Plaintiffs' counsel estimated approximately $1,400,000 in unreimbursed employee expenses under California Labor Code § 2802. However, there is no information about the maximum theoretical recovery under all the claims. Rather, the Plaintiffs state that the FLSA claim, and the section 2802 claim were the "main claims" here. Although courts, including this Court, have approved preliminary settlement agreements where only some of the claims are afforded consideration, a more thorough explanation about the valuation of claims is needed. *Compare Botonis v. Bimbo Bakeries USA, Inc.,* No. 2:22-cv-01453-DJC-SCR, 2024 WL 100545, at *9–10 (E.D. Cal. Jan. 9, 2024) (explaining that the parties addressed difficulties in proving certain claims such that the Court's focus on the section 2802 claims alone was appropriate). The Parties are thus directed to include a more thorough discussion as to the maximum exposure of Defendants as to the claims in this action.

### B. FLSA Bona Fide Dispute

Returning to the FLSA Component of the Settlement, the Court addresses the existence of a bona fide dispute. FLSA settlements must comprise "a fair and reasonable resolution of a bona fide dispute." *See e.g., Kerzich,* 355 F. Supp. 3d at

8

1184. A dispute is "bona fide" if there are "legitimate questions" about the existence and extent of a defendant's FLSA liability. *Id; see Selk v. Pioneers Mem'l Healthcare Dist.,* 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). "A court will not approve a settlement of an action in which there is a certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute." *Kerzich,* 355 F. Supp. 3d at 1184 (citation omitted). However, if a bona fide dispute between the parties exists, courts often consider many of the same factors that guide preliminary certification of Rule 23 class actions in evaluating the fairness of the FLSA settlement. *See Maciel v. Bar 20 Dairy, LLC,* No. 1:17-cv-00902-DAD-SKO, 2018 WL 5291969, at *4 (E.D. Cal. Oct. 23, 2018).

The instant Motion does not clearly explain whether a bona fide dispute exists. *Compare Brown v. Tetra Tech, Inc.,* No. 2:20-cv-01133-DJC-DMC, 2024 WL 1462764, at *10 (E.D. Cal. Apr. 4, 2024) (explaining uncertainties surrounding Plaintiffs' abilities to prove their FLSA claims). This is not to say that one does not exist. However, at this stage, the Court has not been provided sufficient information to determine if it is uncertain that Plaintiffs could succeed on their FLSA claims. *See Selk,* 159 F. Supp. 3d at 1172 (explaining that a court will not approve a settlement of an action in which there is a certainty that the FLSA entitles plaintiffs to the compensation they seek, because doing so would shield employers from the full costs of complying with the statute). Although there may be an issue as to Plaintiffs' ability to recover on their FLSA claims given Defendant's financial situation, (Mot. at 1,) that is separate from whether Plaintiff would be successful on its FLSA claims. Thus, the Court requires more information regarding the dispute before deciding whether the FLSA release is proper.

**C. PAGA Component**

Under PAGA's scheme, civil penalties are distributed between the aggrieved employees, 25%, and the LWDA, 75%. Cal. Lab. Code § 2699(i) (2022) (amended July

1, 2024).³ The proposed settlement must be sent to the LWDA at the same time it is submitted to the Court. Cal. Lab. Code § 2699(s)(2). Finally, aggrieved employees are prohibited from opting out of the settlement. *See Morel v. HNTB Corp.,* 3:22-cv-00408-AJB-AHG, 2025 WL 242084, at *18 (S.D. Cal. Jan. 17, 2025) (citation omitted).

As an initial matter, the Parties submit that the Plaintiffs complied with the notice requirement of Labor Code § 2699.3 and mailed written notice to the California LWDA. (SAC ¶ 46.) Defendants also submitted a notice to the LWDA. (*Id*.) However, there is no indication that the Parties submitted the proposed *Settlement* to the LWDA for comment as required under the Labor Code. Cal. Lab. Code § 2699(s)(2); *see Almanzar v. Home Depot U.S.A., Inc.,* No. 2:20-cv-00699-KJN, 2022 WL 2817435, at *15 n. 11 (E.D. Cal. Jul. 19, 2022) (noting that the parties had attached a confirmation message from LWDA confirming that the proposed settlement was sent to the LWDA at the same time it was submitted to the court). Thus, the Court cannot determine if this requirement has been met yet.

### III. Appointment of Class Counsel and Class Representatives

Under Federal Rule of Civil Procedure 23(a)(4), the named plaintiffs and their counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts consider both whether "(1) [] the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) [] the named plaintiff and their counsel [will] prosecute the action vigorously on behalf of the class." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 985 (9th Cir. 2011).

Currently, Plaintiffs seek to appoint Harold Lichten and Matthew W. Thompson of Lichten & Liss-Riordan, P.C., Adam Rose of the Law Office of Robert Starr, and Jeff Volmer of Goodwin & Goodwin, LLP as class counsel. Although the Court has no reason to doubt the adequacy of Proposed Counsels' representation in this matter,

---

³ The Court notes that PAGA has since been amended such that for civil actions brought on or before June 19, 2024, the division provides 35% to the aggrieved members and 65% to the LWDA. *See Martinez v. Sunnova Energy Corp.,* No. 2:24-cv-06346, 2025 WL 732350, at *3 (C.D. Cal. Mar. 7, 2025).

10

the instant Motion includes minimal information about Class Counsels' experience. As it stands, the instant Motion explains that during negotiations, counsel was "informed by <u>her</u> prior experience in similar cases" and counsel was "familiar with the applicable law, class action litigation, and facts" of the case. (Mot. at 10 (emphasis added).) Further, negotiations took place with a sense of strengths and weaknesses of litigation based on information regarding Defendant's financial status. (*Id.*) The Court would like clarification as to whether the same attorneys who conducted the negotiations are the ones the Plaintiffs seek to have as class counsel. Further, the Court would like more information as to counsels' prior experience with class actions, including how many prior cases they have handled and any notable areas of expertise. *See Cavazos v. Salas Concrete Inc.,* No. 1:19-cv-00062-DAD-EPG, 2022 WL 506005, at *10 (E.D. Cal Feb. 18, 2022) (discussing class counsels' experience in class and representative action litigation).

     Additionally, Plaintiffs seek to designate Christine McEvoy and Leng Sam as Class Representatives. The named Plaintiffs were added to the litigation following the passing of Mr. Sarte. (Mot. at 2.) Each Plaintiff would receive an incentive award of $2,500. Incentive awards for class representatives typical in class action cases. *See Rodriguez v. W. Publi'g Corp.,* 563 F.3d 989, 958 (9th Cir. 2009). Nevertheless, the Court still considers the propriety of the incentive awards based on the actions of the Plaintiffs in protecting the class's interests, the benefit the class has received from those actions, and the time expended by Plaintiffs in pursuing litigation. *Staton v. Boeing Co.,* 327 F. 3d 938, 977 (9th Cir. 2003); *see Radcliffe v. Experian Info. Solutions, Inc.,* 715 F. 3d 1157, 1164 (9th Cir. 2013) ("[D]istrict courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives."). The proposed incentive award of $2,500 for each Plaintiff does not appear to be unreasonable. While it is noted that the named plaintiffs have "placed their names in the public eye as part of this high-profile litigation," the Court would like more information, specifically regarding the time spent involved in the

1 litigation, ahead of designating Plaintiffs as class representatives and approving the
2 incentive award.

3 **IV.  Conclusion**

4 For the above stated reasons, the Court DENIES the Motion for Preliminary
5 Approval of Settlement (ECF No. 57) without prejudice.  IT IS HEREBY ORDERED that
6 the Parties supplement the Motion with the information discussed above within thirty
7 days.

9 Dated:  April 24, 2025

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE